IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

KEN SIMMONS,
    Plaintiff,

v.

JAMES SHADID, JENNIFER PARKINSON, AARON HODGSON, and MINIER POLICE DEPARTMENT,
    Defendants.

Case No. 1:19-cv-01231-SLD-JEH

**Order**

    Before the Court is a Motion for Protective Order filed by the Defendant, Village of Minier (sued as the Minier Police Department) (Village) and the Response of the *pro se* Plaintiff, Ken Simmons (Simmons). (D. 22 & 26)[1]. The Village asks this Court to enter a Protective Order barring Simmons from initiating document requests to the Village under the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1, *et seq.,* that "pertain to matters involving himself, or matters relevant to his litigation claims filed against Minier and its police officers." (D. 22 at ECF p. 4). The Village also requests an order "barring and prohibiting Simmons from corresponding, communicating or otherwise seeking any documents under the Freedom of Information Act which are protected from disclosure by the Act or by applicable common law privileges of the attorney-client privilege and attorney work product doctrine." *Id.* Simmons makes several arguments in response, including that he has a right to seek information under the FOIA, notwithstanding

---

[1] Citations to the docket in this case are abbreviated as "(D. __ at ECF p.__)."

the fact that he has litigation pending, and if the Village seeks to withhold documents from disclosure based on an exemption, it should follow the procedures for doing so as set forth in the FOIA. (D. 26).

The Village cites no statute or authority which demonstrates that on-going federal litigation cuts off a plaintiff's right to seek information under the Illinois FOIA which is also related to that litigation. Indeed, neither the Illinois FOIA nor the Federal Rules of Civil Procedure in any way limit a citizen's right to seek information under the FOIA simply because that information might be discoverable in litigation as well. As courts have noted in the context of the federal FOIA statute, 5 U.S.C. § 552, the FOIA regime is distinct from civil discovery. *Stonehill v. I.R.S.*, 558 F.3d 534, 538 (D.C. Cir. 2009) (considering an issue where there were contemporary, parallel FOIA and non-FOIA proceedings pending involving the same documents and reviewing body or officer), *citing NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 144 (1975); *See also John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153 (1989) ("[T]he FOIA was not intended to supplement or displace rules of discovery"), *citing NLRD v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 236-39 (1978). Although, in the federal context, efforts have been made to limit a party's use of the FOIA for discovery purposes, those efforts have been unsuccessful. *See* S. 1751, 97th Cong., 1st Sess. (1981) (unsuccessfully proposing to amend the federal FOIA as follows, "A requester shall not make or maintain a request under this paragraph for records relating to the subject matter of any ongoing judicial or adjudicatory administrative proceeding (civil or criminal) to which the requester, or any person on whose behalf the requester acts in making the request, is a party"); S. 774 § 13, 98th Cong., 1st Sess. (1983) (unsuccessfully proposing to amend the federal FOIA to toll an agency's time for responding to a FOIA request until related litigation was concluded).

Accordingly, this Court has no authority to enter a protective order prohibiting Simmons from making FOIA requests to the Village. Moreover, to the extent that the Village seeks to avoid providing documents included in the Simmons's FOIA requests which are exempt from disclosure, 5 ILCS 140/7, the FOIA provides its own mechanisms for the Village to do so, which Simmons can challenge in the Illinois circuit court. 5 ILCS 140/11(a) & (c) ("Any person denied access to inspect or copy any public record by a public body may file suit for injunctive or declaratory relief . . . in the circuit court for the county where the public body is located"). What is or is not exempt under the Illinois FOIA, however, is not an issue for this Court to resolve in this federal litigation; rather, this Court has only the power to resolve questions regarding the production of documents under the Federal Rules of Civil Procedure—something which is not presently at issue before the Court.

For the reasons stated, *supra*, the Defendant's motion is denied (D. 22).

*It is so ordered.*

Entered: October 5, 2020

s/Jonathan E. Hawley
U.S. Magistrate Judge