IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KEN SIMMONS,<br>        Plaintiff,<br><br>v.<br><br>JAMES SHADID, JENNIFER PARKINSON, AARON HODGSON, and MINIER POLICE DEPARTMENT,<br>        Defendants. | Case No. 1:19-cv-01231-SLD-JEH |

**Order and Opinion**

Before the Court are two motions filed by the *pro se* Plaintiff, Ken Simmons, to wit: a Motion to Produce Address (D. 25) and a Motion for Hearing/Testimony (D. 29).¹ Neither motion makes a citation to any Rule, statute, or case authority in support of the relief requested. Rather, each motion contains a narrative of certain factual assertions.

This Court's Local Rule 7.1(A) requires that "[e]very motion raising a question of law. . . must include a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the Rule under which the motion is filed." Both of Simmons's motions utterly fail to comply with this Rule, and Simmons's status as a *pro se* litigant does not excuse him from complying with Local Rule 7.1(A). *Banks v. Fuentes*, 2012 WL 6184880, at *3 (N.D. Ill. Dec. 11, 2012), *aff'd,* 545 Fed. Appx. 518 (7th Cir. 2013), *citing McNeil v. United States,* 508

---

¹ Citations to the docket in this case are abbreviated as "(D. __ at ECF p.__)."

U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 Fed. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of *pro se* litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.*, 371 Fed. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within the district court's discretion," even though the plaintiff was *pro se*) (citations omitted); *Cady v. Sheahan,* 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure"). As the Seventh Circuit has noted in a case involving a *pro se* litigant, "A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority . . . forfeits the point. We will not do his research for him." *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998), *quoting Pelfresne v. Villiage of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990). Finally, although courts are required to give liberal construction to *pro se* pleadings, they are not excused from compliance with procedural rules. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), *citing Kaba v. Stepp,* 458 F.3d 678, 687 (7th Cir. 2006). *See also McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

It is also worth noting that despite being *pro se*, Simmons is not a neophyte when it comes to federal litigation. Indeed, by this Court's count, he has to date filed thirty-eight separate lawsuits in this district, five of which are currently pending.[2] By this measure, Simmons has more experience with litigation in this

---

[2] 1:02-cv-01071, 1:02-cv-01329, 1:02-01414, 1:03-01062, 1:03-cv-01063, 1:03-cv-01064, 1:04-cv-01096, 1:04-01194, 1:04-cv-01242, 1:05-cv-01192, 1:05-cv-01214, 1:05-01219, 1:05-cv-01241, 1:05-cv-01280, 1:06-cv-01033,

Court than the majority of lawyers appearing before it. At a minimum, such a serial filer of cases in this Court should know and follow the Local Rules.

Because Simmons's motions fail to comply with Local Rule 7.1(A), the Court cannot readily discern the authority under which he seeks relief in these motions even construing them liberally, and because the Court will not "do his research for him," *Mathis*, 133 F.3d at 548, his motions are denied. (D. 25, 29). Any future motions which fail to comply with Local Rule 7.1(A) will be stricken.

*It is so ordered.*

Entered: October 9, 2020

s/Jonathan E. Hawley
U.S. Magistrate Judge

---

1:06-cv-01153, 1:06-cv-01155, 1:07-cv-01007, 1:08-cv-01219, 1:08-cv-01236, 1:08-cv-01337, 1:09-cv-01146, 1:09-cv-01198, 1:10-cv-01097, 1:10-cv-01120, 1:10-cv-01345, 2:10-cv-02166, 2:10-cv-02167, 2:10-cv-02168, 2:10-cv-02169, 1:13-cv-01366, 1:15-cv-01370, 1:16-cv-01100, 1:20-cv-01283, 1:20-cv-01284, 1:20-cv-01329, 3:20-cv-03243.