UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH SIMMONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:19-cv-01231-SLD-JEH |
| JENNIFER PARKINSON and MINIER POLICE DEPARTMENT, | ) ) ) ) |
| Defendants. | ) ) |

ORDER

Before the Court is Defendant Minier Police Department's[1] ("Minier") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5), ECF No. 20; Plaintiff Kenneth Simmons's first Motion to Consider, ECF No. 32; Plaintiff's second Motion to Consider, ECF No. 33; and Plaintiff's third Motion to Consider, ECF No. 38. For the following reasons, Minier's Motion to Dismiss is DENIED, and the motions to consider are GRANTED.

BACKGROUND

Plaintiff brought this suit on July 8, 2019, alleging that Minier, police officers Jennifer Parkinson and Aaron Hodgson, and United States District Judge James Shadid violated various of his rights protected by federal and state law. Compl. 2–8, ECF No. 1. An amended complaint was filed on February 18, 2020, alleging similar claims. Am. Compl. 2–7, ECF No. 12. At merit review, the Court dismissed Plaintiff's claim against Judge Shadid with prejudice, dismissed without prejudice his claims against Parkinson and Hodgson in their official capacities, and found that Plaintiff had sufficiently alleged an Americans with Disabilities Act ("ADA") Title II

---

[1] Defendant Minier Police Department asserts that the correct entity to be sued is the Village of Minier. *See* Mot. Dismiss 1, ECF No. 20. This issue will be addressed below, *see infra* Section II(B)(i); the Court will refer to the party as "Minier" in the meantime.

1

claim against the Minier Police Department and a battery claim against Parkinson.  Feb. 18, 2020 Order 4–9, ECF No. 11.  It then instructed Plaintiff to provide addresses for the Minier Police Department and Parkinson and directed the Clerk of Court to send requests to waive service of summons to these two parties at those addresses.  *See id*. at 10–11.  On May 12, 2020, because neither Defendant had filed a signed waiver of summons, the Court directed the Clerk to mail a second request to waive service of summons to each Defendant.  May 12, 2020 Text Order.  Plaintiff filed a motion for status on July 10, 2020.  Mot. Status, ECF No. 16.  As neither Minier nor Parkinson had agreed to waive service of process, on July 30, 2020, Magistrate Judge Jonathan E. Hawley directed the Clerk of Court to prepare summonses and forward them to the U.S. Marshal for service of the two defendants.  July 30, 2020 Text Order.  Judge Hawley also extended the deadline for service to September 28, 2020.  *Id*.

On September 21, 2020, Minier filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5), arguing that the case against it should be dismissed because Plaintiff had failed to properly and timely serve his lawsuit.  Mot. Dismiss 1.  Plaintiff opposes dismissal.  First Resp., ECF No. 24; Second Resp., ECF No. 28.[2]

## DISCUSSION

### I.     Motions to Consider

In his first Motion to Consider, Plaintiff asks the Court to review and consider the October 13, 2020 text order entered by United States District Judge James E. Shadid in *Simmons v. Village of Minier*, Case No. 1:20-cv-01283-JES-JEH.  First Mot. Consider 1–2.  The second Motion to Consider makes the same request.  Second Mot. Consider 1.  And in the third, in addition to repeating the request made in the first and second Motions to Consider, Plaintiff

---

[2] While Minier believes the motions to consider should be stricken, Resp. Mots. Consider 2–3, ECF No. 39, it does not address the existence of the second response.

requests that the Court consider the October 16, 2020 text order entered by Judge Hawley in *Simmons v. Jack's Café*, Case No. 1:20-cv-01284-MMM-JEH. Third Mot. Consider 1–3. Minier asks the Court to strike the second and third Motions to Consider, arguing that they do not cite to any law or authority in violation of Local Rule 7.1(B)(1) and that a party opposing a motion to dismiss is only allowed a single response under Local Rule 7.1(B)(2). Resp. Mots. Consider ¶¶ 2, 5–6, ECF No. 39.

This Court routinely grants motions for leave to provide supplemental authority when it is considering motions to dismiss, even where the party has already filed a motion or response. *See, e.g.*, *Heidelberg v. Manias*, 503 F. Supp. 3d 758, 773 (C.D. Ill. 2020) (granting motions to file supplemental authority filed after briefing for motion to dismiss was complete). Plaintiff's motions to consider are granted. The Court has considered the additional cases Plaintiff has brought to its attention.

## II.     Motion to Dismiss Pursuant to Rule 12(b)(5)

### A. Legal Standard

A plaintiff is responsible for ensuring that the summons and complaint are served on a defendant within the allotted time. Fed. R. Civ. P. 4(c)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*. 4(m). "[T]he decision of whether to dismiss or extend the period for service is inherently discretionary." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011); *see Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service."). However, upon a showing of good cause by the plaintiff, "the

3

court *must* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added).

A defendant may file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) to enforce the service of process requirements. *Cardenas*, 646 F.3d at 1005. "The plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Id*.

### B. Analysis

Minier asks the Court to dismiss this suit with prejudice because Plaintiff "has failed to timely effectuate service of process on Minier," proffering two reasons for why service has been insufficient. Mot. Dismiss 1. First, it argues that the correct entity to be sued is the "Village of Minier," not the "Minier Police Department," and that neither of the appropriate parties to be served on the Village of Minier's behalf—the Village Clerk or the Mayor—has been served. *Id*. at 1, 4, 8–9. Second, it contends that the deadline for service has expired. *Id*. at 5–8. The Court will address each of these issues in turn, beginning with determining the identity of the correct "Minier" defendant.

#### i. Correct Party to be Served

Two different "Minier" defendants were referenced in the Court's merit review order. In addressing Plaintiff's § 1983 claim against Parkinson in her official capacity for using excessive force while arresting him, the Court noted that because Parkinson was sued in her official capacity, Plaintiff was "actually suing her employer" and that, as "[t]he Minier Police Department is not a 'person' amenable to suit under § 1983," the Court would consider Parkinson's employer to be the Village of Minier, not the Minier Police Department. Feb. 18, 2020 Order 4–5. Because Plaintiff failed to "allege any policies, practices, or action by a policy

4

maker in regard to Parkinson's alleged use of excessive force," as required to state a claim against an employer under § 1983, the Court dismissed the claim without prejudice. *Id*. at 5. However, the Court found that Plaintiff's ADA Title II claim—in which he alleged that "he was injured during his arrest because the Minier Police Department's practices, policies, and procedures do not train officers how to safely arrest a disabled person"—was brought against the Minier Police Department. *See id*. at 6–7. Deciding that Plaintiff's ADA allegations against Minier Police Department were sufficient for the merit review stage, the Court directed the Clerk to add "Minier Police Department" to the caption as a Defendant and informed Plaintiff that the Court would begin the process of serving Minier Police Department (along with Parkinson). *Id*. at 9, 10.

Minier asserts that the correct party to be sued is the Village of Minier, not the Minier Police Department.[3] Mot. Dismiss 1. Pursuant to Federal Rule of Civil Procedure 17(b)(3), the capacity of an entity to sue or be sued is determined "by the law of the state where the court is located" where the party is neither an individual nor a corporation. In Illinois, "[a] party to litigation must have a legal existence, either natural or artificial, to sue or be sued." *Jackson v. Village of Rosemont*, 536 N.E.2d 720, 723 (Ill. App. Ct. 1988). "It is well-established in Illinois that a police department is not a suable entity . . . ." *Lalowski v. City of Des Plaines*, No. 08 C 3780, 2010 WL 145860, at *2 (N.D. Ill. Jan. 8, 2010) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997) ("The Chicago Police Department was dismissed because it was not a suable entity.")); *see also Bell v. Bloomington Police Dep't*, 15-CV-1284, 2015 WL 5591100, at *2 (C.D. Ill. Sept. 22, 2015) ("Nor may a claim be pursued against the police department, since the department is not a suable entity."); *Newkirk v. Village of Steger*, No. 02 C 9077, 2004 WL

---

[3] Minier makes no legal argument on this point but merely asserts that the Minier Police Department is the incorrect party to be sued. *See* Mot. Dismiss 1.

2191589, at *23 (N.D. Ill. Sept. 24, 2004) ("Our Court of Appeals has suggested, and several courts in this district have found, that municipal police departments are not separate entities from the municipality itself and, therefore, are not suable."). Rather, "[p]olice departments are departments of the municipalities they serve; they do not have distinct legal existences under Illinois law," and the municipality should therefore be sued instead. *See Hall v. Village of Flossmoor Police Dep't*, No. 11-CV-5283, 2012 WL 379902, at *2 (N.D. Ill. Feb. 1, 2012); *see Verrecchia v. Village of Elmwood Park*, Case No. 16 C 0397, 2016 WL 3612117, at *3 (N.D. Ill. July 6, 2016) ("[B]ecause the Village of Elmwood Park's Police Department is not a suable entity, namely, that it does not have a separate legal existence from the Village of Elmwood, Plaintiff's claims against the police department are properly brought against the Village.").

Thus, although the Court previously determined that Plaintiff's ADA Title II claim was brought against the Minier Police Department and directed the Clerk to add "Minier Police Department" to the caption as a defendant, *see* Feb. 18, 2020 Order 10, it is clear that the Village of Minier ("Village of Minier" or "Village") is the correct defendant to be sued. The Clerk is directed to replace "Minier Police Department" with "Village of Minier" in the caption. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see also, e.g.*, *Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009) (noting that although the caption in the district court listed the Portland Police Department as a defendant, the Seventh Circuit "adjusted the caption" because the police department was not a suable entity).

### ii. Service of the Village of Minier

The Village of Minier states that it was never served, as it can only be served by service on the Mayor, as the Village's chief executive officer, or the Village Clerk. Mot. Dismiss 8–9. To serve a municipal corporation, a copy of the summons and complaint must be delivered to its chief executive officer, or it must be served "in the manner prescribed by . . . state[] law." Fed. R. Civ. P. 4(j)(2). In Illinois, a village is considered a municipality, 65 ILCS 5/1-1-2(1), and a village may be served by leaving a copy of the summons with the president of the board of trustees or the village clerk, 735 ILCS 5/2-211. The executed summons was filed on the docket on September 14, 2020; it shows that Daryl Weseloh, the Chief of Police, was personally served on September 1, 2020. Executed Summons, ECF No. 23. The Chief of Police is not one of the parties who may be served on behalf of the Village of Minier. Accordingly, the Court finds that the Village of Minier has not been properly served.[4]

### iii. Timely Service

The Court next turns to the issue of whether Plaintiff can still serve the Village of Minier in a timely fashion. The Village argues that the time for service has expired. *See* Mot. Dismiss 5–8. It provides a summary of the service history of the case which emphasizes that Plaintiff filed his motion for status, prompting the Court to order service by the U.S. Marshal, "well past the initial 90 day deadline for service . . . , past the 90 day deadline for [Plaintiff] to file a status motion as extended to Plaintiff in the Court's February 18, 2020 Merit Review Order, past the

---

[4] In his second response to the motion to dismiss, Plaintiff states that Sasha Horner, Acting Village Clerk for the Village of Minier, was, in fact, served on September 1, 2020. Second Resp. 1–2. In support, he provides a screenshot from the Village of Minier's website showing that Horner is identified as the "Clerk," *id*. at 3, and a letter from the Minier Police Department stating that Plaintiff was receiving a "DVD containing the video of the summons being delivered to Deputy Clerk Sasha Horner," apparently in response to Plaintiff's FOIA request for "copies of the video from village hall whereas [sic] the [V]illage and [O]fficer Parkinson were served summons in my lawsuits," *id*. at 4. This evidence is too vague to satisfy Plaintiff's burden to establish that the Village Clerk was served. *See Cardenas*, 646 F.3d at 1005.

additional extension of time granted by the Court in its May 12, 2020 docket Order, and . . . likely past the statute of limitations. *Id*. at 6–7 (emphasis omitted). The Village also notes that "Judge Hawley's July 30, 2020 ruling to extend the deadline to September 28, 2020 for service by the U.S. Marshall [sic] was not entered prior to all extensions granted by the District Court Judge expiring in mid-June 2020, and, furthermore, was not made pursuant to any 'good cause' offered to the Court by [Plaintiff]," appearing to suggest that the deadline for service should not have been extended to September 28, 2020. *See id*. at 8. But the Court has the discretion to extend the deadline for service regardless of whether Plaintiff has established good cause. *See Troxell*, 160 F.3d at 383. The Village's assertion that Plaintiff's "reli[ance] on the Court to do his work for him . . . . should not be countenanced," Mot. Dismiss 8, ignores this clear grant of discretionary authority to extend the deadline if it so chooses.

Indeed, the Court may still exercise its discretion to extend the period for service in this case rather than granting the Village's motion to dismiss, *see Cardenas*, 646 F.3d at 1005, which is what it chooses to do here. Judge Hawley extended the service deadline to September 28, 2020, July 30, 2020 Text Order, by which date a summons had been returned executed as to the Minier Chief of Police, Executed Summons 2. Having been previously informed by the Court that the correct defendant was the Minier Police Department, *see* Feb. 18, 2020 Order 10, it was reasonable for Plaintiff to believe at that point that Minier had been properly served. *See* Second Resp. 1–2 (stating that Plaintiff was aware that the U.S. Marshal had been ordered to serve Minier and Parkinson and that he believed that a party had been served on September 1, 2020). Given the Court's role in engendering this confusion, as well as the fact that the statute of limitations may have passed, *see* Mot. Dismiss 6, and Plaintiff's *pro se* status, the Court extends the deadline for service of the summons and complaint to the Village of Minier to November 30,

2021. *See Sheskey v. Madison Metro. Sch. Dist.*, No. 12-cv-488-wmc, 2013 WL 6628990, at *1 (W.D. Wis. Dec. 17, 2013) (allowing the plaintiff one more opportunity to properly serve the defendant, despite two previous insufficient attempts, "because (1) the statute of limitations would likely bar refiling, (2) [the] defendant had actual notice of the lawsuit, and (3) [the] plaintiff's status as a pro se litigant").

### iv. Service of Parkinson

The motion to dismiss is filed solely by the Village of Minier, *see* Mot. Dismiss 1; Parkinson has not contested the adequacy of her service.[5] *See* Feb. 18, 2020 Order 9 (finding that Plaintiff has sufficiently alleged a state law claim of battery against Parkinson). Nevertheless, the Court finds that Parkinson's purported service is also inadequate: the summons stating it was executed as to Parkinson shows that Chief of Police Weseloh was the individual served, Executed Summons 1, which does not suffice to serve Parkinson. *See* Fed. R. Civ. P. 4(e) (providing that an individual may be served by delivering the summons and complaint to the individual personally, leaving copies at the individual's usual place of abode with a suitable person who resides there, delivering copies to an agent authorized to receive service of process, or following state law service rules); 735 ILCS 5/2-203(a) (providing that service may be made on an individual by delivering the summons and complaint to the individual personally or by leaving copies at the individual's usual place of abode with a suitable resident and mailing a copy of the summons addressed to the individual at his usual place of abode). Plaintiff is hereby put on notice that the Court finds that Parkinson has not been properly served and that a failure to properly serve her will result in the dismissal of the claims against her. *See* Fed. R. Civ. P. 4(m) (providing that a court may "on its own after notice to the plaintiff" dismiss the action against a

---

[5] To date, no one has entered an appearance on Parkinson's behalf.

defendant who has not been served or order that service be made within a certain time frame). Because the Court has extended the time for service on the Village, it also extends the time to serve Parkinson.

## CONCLUSION

For the foregoing reasons, Defendant Village of Minier's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5), ECF No. 20, is DENIED; Plaintiff Kenneth Simmons's first Motion to Consider, ECF No. 32, is GRANTED; Plaintiff's second Motion to Consider, ECF No. 33, is GRANTED; and Plaintiff's third Motion to Consider, ECF No. 38, is GRANTED. The Court extends the deadline for service of the summons and complaint in this case to November 30, 2021. The Clerk is directed to replace "Minier Police Department" with "Village of Minier" in the caption. Plaintiff is directed to provide to the Court an address for the Mayor or the Village Clerk of the Village of Minier. Plaintiff must also provide the Court with an address for Defendant Jennifer Parkinson. Once Plaintiff provides the addresses, the Clerk is directed to prepare summonses and forward them and copies of the complaint to the U.S. Marshal for service. The Clerk is also directed to send a copy of the Executed Summons, ECF No. 23, to Plaintiff.

Entered this 30th day of September, 2021.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE