UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:19-CV-01231 |
| vs. ) | |
| ) | JURY TRIAL DEMAND |
| JENNIFER PARKINSON and ) | |
| VILLAGE OF MINIER, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO STRIKE PLAINTIFF'S "MOTION TO CONSIDER" FILED ON MARCH 16, 2022 AND TO BAR PLAINTIFF FROM FUTURE SUCH MOTION PRACTICE**

Defendant JENNIFER PARKINSON ("Parkinson") and Defendant VILLAGE OF MINIER ("Minier"), by and through their attorneys, Kingery Durree Wakeman & O'Donnell, Assoc., submit their Motion to Strike the "Motion to Consider" [#75] filed by Plaintiff Kenneth Simmons ("Simmons") on March 16, 2022 and to bar Plaintiff from engaging in future such motion practice.

1. On March 16, 2022, Simmons filed yet another "Motion to Consider." [#75] [1]

2. The Federal Rules of Civil Procedure require that a motion state with particularity the grounds for seeking relief from the Court with specification of the relief sought. *See*, FRCP 7(b)(1)(B) and 7(b)(1)(C). A motion which does not state such grounds cannot meet reasonable specification standards in compliance with the particularity requirement of Rule 7(b)(1). *See*, *Martinez v. Trainor*, 556 F.2d 818, 820 (7th Cir. 1977)

---

[1] On December 17, 2021 Simmons filed a "Motion to Consider" [#65] that is still pending before this Court. Minier and Parkinson have moved to strike that motion. [#67]

3. Simmons' garbled motion fails to comply with FRCP 7(b) because it neither provides any grounds for seeking relief nor specifies any particular relief sought.

4. As the Court is well aware, Simmons is a prolific filer of federal cases in this District. His *pro se* status should not excuse his continuing pattern of flaunting the rules. *See, e.g.*, *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (*pro se* litigants are not excused from compliance with procedural rules)[2]

5. The motion simply sets forth a barrage of unsubstantiated allegations against Defendant Parkinson, a police officer employed by the Village of Minier, and attaches various police reports and medical records. In actuality, the motion is a disguised supplemental response to a pending Motion to Dismiss that was filed by Parkinson on December 1, 2021. [#58]

6. Under C.D. Illinois Local Rule 7.1(B)(2), a Response is to be filed within 14 days of service of the original motion. Simmons had his opportunity to respond when he timely filed a responsive brief within that 14 day window on December 15, 2021. [#62] He is not permitted to file a supplemental response without leave of Court to do so. The instant "Motion to Consider" requests no such leave.

7. Furthermore, on January 26, 2022, this Court entered a Text Order staying all discovery in this case pending resolution of Parkinson's Motion to Dismiss.[3]

8. As a seasoned litigant, Simmons should be aware of the inappropriate nature of his continuing use of "Motions to Consider" to improperly place information before this Court. Simmons' continuous frivolous filings in Federal Court against small municipalities, including

---

[2] A review of the docket reveals that Simmons has a history of filing such "Motions to Consider" in his over 40 cases filed in the Central District of Illinois.

[3] While Defendant Minier has answered the Amended Complaint [#55], co-Defendant Parkinson (represented by the same counsel) is still awaiting ruling on her Motion to Dismiss [#58], having just been served on November 19, 2021. [#54]

Minier, is one reason Minier recently filed an extensive Motion for Attorney's Fees and Rule 11 Sanctions in dismissed C.D. Ill. Case No. 20-cv-1357 that is awaiting ruling.

9. Simmons' motion fails to comply with FRCP 7(b) and is actually a masked supplemental response to Defendant Parkinson's pending Motion to Dismiss. For these reasons, it should be stricken.

10. Defendants also request the Court enter an Order barring Simmons from continuing to file motions that fail to comply with the Federal Rules of Civil Procedure and improperly place documents and other information before this Court. *See*, *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) (A district court has an "inherent power" to manage proceedings and sanction conduct of litigants appearing before it)

WHEREFORE, for the reasons stated above, Defendant, JENNIFER PARKINSON and Defendant VILLAGE OF MINIER, each pray that Plaintiff's "Motion to Consider" [#75] be stricken. Defendants additionally request the Court enter an Order specifically barring Plaintiff from continuing to file "Motions to Consider" or any other similar motions which flaunt procedural rules and fail to specify any grounds for relief.

    JENNIFER PARKINSON and
    VILLAGE OF MINIER, Defendants,

    By:    /s/Philip M. O'Donnell
           Philip M. O'Donnell
    Philip M. O'Donnell (ARDC #6225759)
    KINGERY DURREE WAKEMAN
     & O'DONNELL, ASSOC.
    416 Main Street, Suite 1600
    Peoria, IL  61602-1166
    Phone: (309) 676-3612
    Fax: (309) 676-1329
    Email:  pmodonnell@kdwolaw.com
    ECF Email:  philodonnell@sbcglobal.net

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 17, 2022, I electronically filed the foregoing document, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Ken Simmons
P.O. Box 865
Minier, IL  61759


        /s/Philip M. O'Donnell
        Philip M. O'Donnell
Philip M. O'Donnell (ARDC #6225759)
KINGERY DURREE WAKEMAN
 & O'DONNELL, ASSOC.
416 Main Street, Suite 1600
Peoria, IL   61602-1166
Phone: (309) 676-3612
Fax: (309) 676-1329
Email:  pmodonnell@kdwolaw.com
ECF Email:  philodonnell@sbcglobal.net