UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH SIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-01231-SLD-JEH |
| | ) |
| JENNIFER PARKINSON and VILLAGE OF MINIER, | ) |
| | ) |
| Defendants. | ) |

ORDER

On June 30, 2023, Magistrate Judge Jonathan E. Hawley recommended that this suit be dismissed for failure to prosecute, noting that Plaintiff Kenneth Simmons had failed to appear for two consecutive hearings before Judge Hawley and had failed to respond to an order to show cause. The Court agrees with Judge Hawley's recommendation and accordingly DISMISSES this case for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this suit on July 8, 2019, bringing claims against Defendants Jennifer Parkinson, Village of Minier ("Minier"),[1] Aaron Hodgson, and United States District Judge James Shadid. Compl., ECF No. 1. An amended complaint was filed on February 18, 2020, making similar claims. *See* Am. Compl., ECF No. 12. At merit review, the Court granted Plaintiff *in forma pauperis* status, dismissed Plaintiff's claim against Judge Shadid with prejudice, dismissed without prejudice his claims against Parkinson and Hodgson in their official capacities, and found that Plaintiff had sufficiently alleged an Americans with

---

[1] In his complaint, Plaintiff referred to this party as the Minier Police Department, Compl. 1, ECF No. 1, but the Court later determined that the correct party to be sued was the Village of Minier, Sept. 30, 2021 Order 6, ECF No. 46.

1

Disabilities Act, 42 U.S.C. §§ 12101–213, Title II claim against Minier and a battery claim against Parkinson. Feb. 18, 2020 Order 4–9, ECF No. 11. The Court further directed Plaintiff to, within ten days of receiving an authorization to release medical records from Defendants' counsel, sign and return the authorization. *Id*. at 11. Minier and Parkinson subsequently filed motions to dismiss the suit, *see* Minier Mot. Dismiss, ECF No. 20; Parkinson Mot. Dismiss, ECF No. 58, which the Court denied, *see* Sept. 30, 2021 Order 10, ECF No. 46; Sept. 13, 2022 Order 13, ECF No. 78.

On January 10, 2023, Judge Hawley adopted the discovery plan proposed by the parties, Disc. Plan, ECF No. 82, establishing, among other deadlines, that initial disclosures would be exchanged by March 3, 2023; all discovery would be completed by December 15, 2023; and dispositive motions would be filed by January 15, 2024. *See* Jan. 10, 2023 Text Order. Defendants served their initial disclosures on Plaintiff on March 3, 2023, First Not. Service, ECF No. 94, and served interrogatories, requests for production, and requests for admission on Plaintiff on April 3, 2023, Second Not. Service, ECF No. 95. On May 22, 2023, Defendants filed a motion requesting a hearing before Judge Hawley concerning several discovery disputes they were having with Plaintiff. Mot. Disc. Hr'g 1, ECF No. 98. They explained that Plaintiff had failed to serve his initial disclosures by the deadline, to return executed authorizations to release medical records, and to provide responses to Defendants' interrogatories, requests for production, and requests for admission. *Id*. Defendants additionally noted that they were unable to confer with Plaintiff regarding these disputes, as required by Rule 37, because he was refusing

to accept emails from Defendants' counsel and did not respond to two letters they sent to his address. *Id*. at 1–2.[2]

Judge Hawley granted Defendants' request and set a status conference for June 8, 2023. May 23, 2023 Text Order. Plaintiff failed to appear for the conference. *See* June 8, 2023 Min. Entry. Noting that the text order setting the hearing had not been conventionally mailed to Plaintiff, Judge Hawley continued the status conference to June 15, 2023 and directed the Clerk to send notice to Plaintiff via mail. *See id*. When Plaintiff did not appear for the June 15, 2023 status conference, Judge Hawley entered a show cause order, directing Plaintiff "to show cause why he failed to appear at [that day's] hearing and why this case should not be dismissed for failure to prosecute." June 15, 2023 Min. Entry.[3] A hearing to show cause was set for June 30, 2023. *Id*. Judge Hawley warned Plaintiff that any "failure to appear may result in the dismissal of this case for failure to prosecute" and ordered the Clerk to mail notice of the show cause hearing to Plaintiff. *See id*. Plaintiff did not attend the show cause hearing or otherwise provide an explanation for his absence at the June 15, 2023 conference. *See* June 30, 2023 Min. Entry. Judge Hawley accordingly made a recommendation to this Court "that this matter be dismissed for failure to prosecute and for failure to respond to the order [to] show cause for why . . . Plaintiff failed to appear at the hearing set for June 15, 2023." *Id*. Judge Hawley also denied a motion Plaintiff had previously filed requesting that all issues related to the case be delayed until a medical condition was resolved, *see* Mot. Reasonable Accommodation, ECF No. 100, because

---

[2] Defendants further noted that in *Simmons v. Village of Minier*, No. 1:20-cv-01283-JES-JEH, another case brought by Plaintiff against Minier in which Minier was represented by the same counsel, Plaintiff admitted that he had received multiple envelopes from Minier's counsel that he never opened. *See* Mot. Disc. Hr'g 2.
[3] Judge Hawley also took judicial notice of Plaintiff's failure to appear for a hearing scheduled before Judge Hawley that same day in a different case, as well as Plaintiff's failure to respond to a request to stay in that case. *See* June 15, 2023 Min. Entry.

Plaintiff did not provide sufficient medical support to substantiate the request. *See* June 30, 2023 Min. Entry.

On July 20, 2023, Defendants filed a motion for entry of judgment, asking the Court to accept Judge Hawley's recommendation that the case be dismissed for failure to prosecute. Mot. Entry J. 1, ECF No. 108. To date, Plaintiff has not responded to this motion.

## DISCUSSION

### I.  Legal Standard

Federal Rule of Civil Procedure 41(b) provides that "[i]f [a] plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedures] or a court order, a defendant may move to dismiss the action or any claim against it." A court may also decide to dismiss a case on this basis on its own. *See O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000) ("[I]t is clear that a court has inherent authority to dismiss a case *sua sponte* for a failure to prosecute."). A case should only be dismissed pursuant to Rule 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (quotation marks omitted); *see Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (noting that dismissal for want of prosecution is "an extraordinarily harsh sanction that should be used only in extreme situations" (quotation marks omitted)). When evaluating whether dismissal under Rule 41(b) is appropriate, courts consider

> the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and . . . the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

4

*Ball v. City of Chicago*, 2 F.3d 752, 759–60 (7th Cir. 1993).

The Seventh Circuit "encourage[s] district courts to provide an explicit warning [of an impending dismissal] before a . . . Rule 41 dismissal is ordered." *Brown*, 664 F.3d at 192; *see also Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006) (clarifying that an earlier statement by the court that an explicit warning must be given "was not intended to lay down a rigid rule" but was rather intended "as a useful guideline to district judges—a safe harbor to minimize the likelihood of appeal and reversal"). Such a warning "need not come from the judge." *Brown*, 664 F.3d at 192 (noting that in *Fischer*, "the fact that the defendant requested dismissal if the plaintiff continued to violate discovery orders was deemed to contribute to the plaintiff's warning that dismissal was a possibility").

## II.  Analysis

The Court finds that there is a clear record of delay on Plaintiff's part sufficient to justify dismissal under Rule 41(b) and, as such, accepts Judge Hawley's recommendation that this case be dismissed.[4] As detailed above, *see supra* Background, Plaintiff did not appear for two consecutive hearings before Judge Hawley after properly receiving notice of them by mail and, further, never responded to Judge Hawley's order to show cause or otherwise provided an explanation for his failure to attend the hearings. Plaintiff's previous request to delay proceedings until his medical issues had resolved, *see* Mot. Reasonable Accommodation, does not excuse his absences because Judge Hawley denied the motion for failure to provide adequate

---

[4] Judge Hawley made this recommendation on June 30, 2023. *See* June 30, 2023 Min. Entry. Under Federal Rule of Civil Procedure 72(b)(2), Plaintiff had fourteen days to file a written objection to Judge Hawley's recommendation, which he failed to do. Therefore, the Court need only review the recommendation for clear error. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection [to a magistrate judge's disposition] . . . is made, the district court judge reviews those unobjected portions for clear error."). However, even examining the issue de novo, the Court finds dismissal appropriate here.

medical support to justify the delay, *see* June 30, 2023 Min. Entry. Because Plaintiff is proceeding *pro se*, he cannot blame counsel for his inaction. Moreover, Plaintiff's conduct has resulted in prejudice to Defendants and to the Court. Judge Hawley scheduled two hearings for which Plaintiff failed to show, time which could have been spent on other cases. And Plaintiff's absence at hearings intended to resolve discovery disputes has hindered Defendants' efforts to proceed with discovery and gather the information necessary to prepare their defense, resulting in unnecessary delay. Finally, the Court does not believe that any untoward consequences would result from dismissing the suit.

As such, the balance of the factors set forth in *Ball* weigh in favor of dismissal under Rule 41(b).[5] *See Ball*, 2 F.3d at 759–60. Plaintiff has been given more than adequate warning of the potential for dismissal if he continued to fail to prosecute his case, *see Brown*, 664 F.3d at 192, through Judge Hawley's show cause order, the minute entries for the June 15, 2023 and June 30, 2023 hearings, and Defendants' motion for entry of judgment. The Court thus dismisses this case with prejudice for want of prosecution pursuant to Rule 41(b).[6]

## CONCLUSION

For the foregoing reasons, this case is DISMISSED for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Defendants Jennifer Parkinson and Village of Minier's

---

[5] *Ball* also directs court to examine "the probable merits of the suit." *Ball*, 2 F.3d at 760. The Court does not have sufficient information to evaluate this factor. Nonetheless, since the other *Ball* factors all support dismissal, on balance, the Court finds that dismissal is warranted.

[6] Judge Hawley suggested that Plaintiff's failure to participate in the discovery process, as illustrated by Defendants' initial request for a hearing to discuss discovery disputes, "is an additional basis for why this case should be dismissed for failure to prosecute." *See* June 30, 2023 Min. Entry. According to Defendants, Plaintiff failed to provide them with his initial disclosures by the deadline, provide them with executed authorizations to release medical information, and provide them with responses to their interrogatories, requests for production, and requests for admission, Mot. Disc. Hr'g 1, and Plaintiff never disputed this account. Plaintiff's apparent failure to participate in the discovery process with Defendants bolsters the Court's finding that he has failed to prosecute his suit.

motion for entry of judgment, ECF No. 108, is MOOT.  All other pending motions, ECF Nos. 80, 85, 87, 91, 93, 97, are likewise MOOT.  The Clerk is directed to enter judgment and close the case.

Entered this 4th day of August, 2023.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE